𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

PATTON, *Trustee, &c.,* et al., v. MERCHANTS' BANK OF
CHARLESTON, *et al.*

Decided April 6, 1878.

1. A married woman is regarded by a court of equity, as the owner of her separate estate; and as a general rule, the *jus disponendi* is an incident to such estate; that is, it is an incident thereto, unless and except so far as it is denied or restrained by the instrument creating the estate.

2. But it is subject to such limitations and restrictions as may be contained in such instrument, which may give it *sub modo* only, or withhold it altogether.

3. In regard to separate personal estate, and the rents and profits of separate real estate, this power of disposition, if it be unrestrained, may be exercised in the same way, by deed, will, or otherwise, as if the woman were a *feme sole.* But in regard to the *corpus* of real estate, it can be disposed of only in such mode, if any, as may be prescribed by the instrument creating the estate; or unless prohibited by such instrument, in the mode prescribed by law.

4. As incident to the *jus disponendi* of her separate personal estate, and the rents and profits of her separate real estate, if not restrained by the instrument creating the separate estate, a *feme covert* may charge her separate estate with the payment of her debts. She may charge it as principal or surety for her own benefit or that of another. She may appropriate it to the payment of her husband's debts. She may even give it to him if she pleases, no improper influence being used or exerted over her.

An appeal from and *supersedeas* to a decree of the circuit court of Kanawha county, rendered on the 17th day of December, 1873, allowed upon the petition of the Merchants' Bank of Charleston, in a cause in chancery,

1878.
Special Term.

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.
in which O. A. Patton, trustee, and others were plaintiffs, and said Merchants' Bank and others were defendants.

Hon. Joseph Smith, Judge of the seventh judicial circuit, rendered the decree complained of.

The facts sufficiently appear in the opinion of the Court.

*J. H. & J. F. Brown*, for appellant, referred to the following authorities:

Adams Eq. 176 and note; 1 Story's Eq. Jur. §385; 2 Tuck. Com. 422; Fonbl. 163; 3 W. Va. 657–8; 2 Tuck. Com. 452; 4 W. Va. 407; 11 Gratt. 453; 4 Munf. 243; 5 Leigh 401; *Id.* 407; 11 Gratt. 53; 11 Gratt. 446; 2 Sch. & Lef. 689; 2 Rob. 397; 2 Rand. 6; 3 Gratt. 518; 6 Munf. 316.

*Miller & Swann*, for appellees, relied on the following authorities:

1 Story's Jur. §533; 2 Story's Eq. Jur. §1127; 6 Munf. 358; *Id.* 367; *Id.* 447; 5 Rand. 195; 2 Gratt. 262; 11 Gratt. 281.

HAYMOND, JUDGE, delivered the opinion of the Court:

The plaintiffs in the month of July, 1870, filed their bill in the circuit court of the county of Kanawha, against the Merchants' Bank of Charleston, in which they allege substantially that the plaintiff, O. A. Patton, was appointed trustee for plaintiff, R. Ellen Patton (his wife) by a decree of the Kanawha circuit court during the year 1867, and was vested with certain powers and duties as therein specified, that by virtue of said power conferred by said decrees the trustee did on the 29th day of May, 1868, sell a portion of the real estate belonging to his wife, his *cestui que trust*, to one William H. Webb, one of the defendants, on a credit of six, twelve, eighteen, twenty-four and thirty months, and took from said Webb, a negotiable note or bond amount-

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

ing to $500.35 "for each payment, making an aggregate sum of $2,500.00.

This sale was negotiated by R. Patton, one of the defendants herein, for your orator, and the notes were made payable to your orator as trustee for R..Ellen Patton, and were left in the hands of R. Patton by the purchaser, the said Webb, defendant herein. The said notes were then deposited in the Merchants' Bank of Charleston by R. Patton, defendant herein, for reasons and purposes of his own, without the knowledge or consent of your orator, and as your orator is informed and charges, the second and third notes were collected by said bank, and appropriated to its own uses and purposes.

The two last notes, number four and five, are yet in the hands of the said bank unconverted.

Your orator is informed that the said bank sets up some claim to said notes on the ground that they are endorsed, "Oliver Patton, trustee for R. Ellen Patton." Your orator states that such endorsement was made in blank before the execution of said notes by the defendant William H. Webb, in order that they could be collected by your orator at the place where they were made payable. Your orator and oratrix deny that the said endorsement had any validity whatever. Your orator charges that the said bank got possession of these notes with full notice of their trust character, and in fraud of the same; and of the rights, both of your orator as trustee, and of your oratrix, the beneficiary. Your orator and oratrix aver that these notes were never transferred to said bank by their consent; they are also informed and therefore charge that the said R. Patton never intended to transfer the notes in said bank, but put them in the same for purposes and uses of his own.

And your orator and oratrix further charge that the officers of said bank, at the time these notes were left with it by R. Patton as aforesaid, knew full well that they were not the property of said R. Patton, nor claim-

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

ed by him as his own. He charges that the officers of the said bank, George Jeffries, president, and James M. Laidley, late cashier, fraudulently conspired together to get possession of the same for the purpose of defrauding your orator, as trustee, and R. Ellen Patton, as beneficiary of said notes. They are informed that such matters, and particularly this transaction, pertain to a court of equity for correction, and that the court will protect the rights of a married woman and assist her trustee in maintaining the same.

They pray that the said bank, and each of its officers aforesaid, R. Patton and William H. Webb, be made parties defendants to this bill and be required to answer the same on oath, and may be decreed to pay your orator and oratrix the full amount of their two notes to which they are entitled, that have been collected, with interest, &c., and to deliver up to him the two notes not collected, and for general relief.

Official copies of the decree mentioned in said bill are in the records and are as follows, viz : " And at a circuit court held for the county of Kanawha, on the 7th day of October, 1867,

"*R. Ellen Patton, who sues by her next friend, John C. Brown, complainant,* v. *Oliver A. Patton et al., defendants.—In Chancery    Upon Petition.*

"This motion came on to be heard upon the petition of the complainant, the written resignation of Nicholas Fitzhugh, as trustee of Mrs. R. Ellen Patton, late R. Ellen Tompkins, under a deed for partition and other purposes, bearing date the 20th day of April, 1867, between the devisees and heirs and executrix of William Tompkins, deceased, the petition or answer of Oliver A. Patton, the said R. Ellen Patton's husband, together with the said deed of partition filed with the same, and was argued by counsel.

"Upon consideration of which the court doth accept said resignation, and release the said Nicholas Fitzhugh

of the said trust conferred upon him by said deed of partition, and doth adjudge, order and decree, that Oliver A. Patton be and he is hereby appointed trustee in his room and stead, to execute the trusts declared therein. And the said Oliver A. Patton is hereby sub- stituted to all the rights, powers, duties and responsibil- ities conferred upon the said Nicholas Fitzhugh, by the deed of partition aforesaid. But there is this condition annexed to the appointment of the said Oliver A. Pat- ton, that he shall in no case sell, exchange or in any manner change the form of any portion of the trust subject, without the order of this court authorizing the same, and then in such manner and upon such terms as this court may prescribe.

1878.
Special Term.

Patton, trustee, &c., et al.
v.
Mer. Bank of Charleston et al.

"By this condition the court does not intend to prevent the said Oliver A. Patton from collecting by suit or otherwise any rents, issues and profits arising or issuing from the trust subject, but to authorizes him to do so; and the court requires that the said Oliver A. Patton do give bond, with security to be approved by the court, or its clerk, in the penalty of $1,500.00, conditioned for the faithful execution of the trust aforesaid.

"And at another day, to-wit: At a circuit court held as aforesaid, on the 19th day of October, 1867,

"*Mrs. R. Ellen Patton, who sues by her next friend, John C. Brown, complainant, v. Oliver A. Patton.—In Chan- cery. On Petition.*

"This day came the petitioner, by her next friend, and filed her said petition, with the exhibits filed therewith, and the affidavit of N. Fitzhugh; and the defendant Oliver A. Patton also appeared, and waiving any answer, but submitting the questions arising upon said petition to the court, and the court having duly considered the same, is of opinion, and doth so decide, adjudge, order and decree, that the said petitioner R. Ellen Patton hath the right to dispose of the property in the petition and exhibits mentioned and described, by will at her discre-

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

tion, the same to be executed as required by the statute in relation to wills, but subject to the settlement in favor of any issue of her body hereafter born. And the court further considering the matters arising in said petition and exhibits, and especially the settlements and trust created by the deed of the 20th April, 1867, doth adjudge, order and decree, that the said Oliver A. Patton, the trustee appointed and substituted by a former order and decree to this court, may sell and dispose of any portion or the whole of the real estate in said petition and exhibits described at his discretion, and with the consent of R. Ellen Patton in writing thereto, on such terms and conditions and price as he may decide, with like consent of his wife, and collect the same and execute proper receipts therefor, and the proceeds arising from any such sale may be invested in this or any other State, but shall be invested upon the same trust and conditions required by the deed of 20th of April, 1867, as construed by this decree. But it is further adjudged, ordered and decreed, that before the said Oliver A. Patton shall exercise any of the powers conferred by this decree, he shall execute a bond, payable to the State of West Virginia, conditioned to faithfully perform the requirements and duties hereinbefore set out, in the sum of $20,000.00 with good security, to be approved by the clerk of this court.

"Said bond has been given.

"Teste :                    "JOHN SLACK, *Clerk.*"

It appears that on the 1st day of November, 1871, the defendant, R. Patton, by his counsel, by leave of the court, filed his separate answer, which answer is as follows :

"*The separate answer of Robert Patton to the bill of complaint exhibited against him and others by Oliver A. Patton, trustee for R. Ellen Patton, and R. Ellen Patton, complainants, in the circuit court for Kanawha county:*

"This defendant, saving to himself all right of exception to the said bill by demurrer or otherwise, for answer

thereto, says, it is true that Oliver A. Patton was ap-
pointed trustee for R. Ellen Patton by a decree of the
Kanawha county circuit court, and was vested with certain
powers and duties, and that by virtue of said powers he
did sell a portion of the real estate belonging to his wife,
his *cestui que trust*, to one, Wm. H. Webb, on the terms
mentioned in complainants' bill. And it is true that
this sale was negotiated by this defendant for the com-
plainants, and that the notes were made payable to Oli-
ver A. Patton, trustee for R. Ellen Patton, and were
left in the hands of this defendant by Wm. H. Webb.
And it is true that the said notes were deposited in the
Merchants' Bank of Charleston by this defendant. But
it is not true, that the said notes were so deposited
for reasons and purposes of his own, without the knowl-
edge or consent of the complainants.

"This respondent says, that the complainants made him
their attorney-in-fact, with full and general powers to
act for them (a true copy of which power of attorney is
herewith filed marked A, and prayed to be considered as
part of this answer); that in pursuance of said power of
attorney, he deposited the said notes in the said bank as
collateral security for the benefit of the complainants.
And this defendant says, that the money obtained from
the said bank on the said security, was used under the
orders of the complainants, and for their exclusive bene-
fit.

"It is true, that this defendant did not claim the said
notes as his own, and he denies that he deposited them
with the said bank for purposes of his own, but says, he
deposited them in good faith for the use and benefit of
the complainants, and says, that the money obtained
from the said bank, on the credit of the said notes, was
in good faith used under the orders of the complainants
for their use and benefit.

"And this defendant says, he expressly denies every
allegation of said bill not herein expressly admitted, and
calls upon the complainants for strict proof of every

1878.
Special Term.

Patton, trustee,
&c., *et al.*
v.
Mer. Bank of
Charleston *et al.*

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

such allegation.  This defendant denies all fraud charged in said bill, and prays hence to be dismissed with his costs in this behalf expended.  And will ever pray, &c." The bill as well as the answer, is verified by affidavit; the bill by the affidavit of Oliver A. Patton, and the answer by the affidavit of R. Patton.  The power of attorney mentioned in the answer of said Robert Patton, is as follows :

"*Know all men by these presents*, That we, Oliver A. Patton, husband and trustee of R. Ellen Patton, (formerly Tompkins), his wife, and R. Ellen Patton, do hereby constitute and appoint Robert Patton, of the city of Louisville, State of Kentucky, our attorney-in-fact, with authority to demand, collect and receive all moneys due, collectable, or in any wise coming to the said R. Ellen Patton, wife of said Patton, under and by virtue of the will and testament of William Tompkins, deceased, and from his estate, whether held in trust or otherwise, for the benefit of the said R. Ellen Patton, (formerly Tompkins), now wife of Oliver A. Patton, and in the settlement and adjustment of said estate as aforesaid, for and in behalf of any interest of the said R. Ellen, wife as aforesaid, we hereby authorize and empower the said R. Patton to receipt for, grant acquittances, and convey by proper deeds with covenants of warranty, quit claims, or general warranty, for all land or lands of said estate coming to said R. Ellen, wife as aforesaid.  The said Robert Patton, our attorney-in-fact, is authorized to sue for and collect all moneys, claims, demands or otherwise, of any of said estate as aforesaid, coming to the said R. Ellen, wife as aforesaid.  The said Oliver A. Patton, trustee, and husband, and R. Ellen, his wife, hereby ratifying and confirming any suits instituted by our said attorney-in-fact, any receipts and compromises made by him, any conveyances with or without warranty, or any act or acts done by the said Robert Patton in our behalf, we hereby ratify and confirm, it being the intention and design of this power to

confer upon the said Robert Patton (our attorney-in-fact), full authority to do and act in the premises as he may think best in our behalf. This further witnesseth, that said Robert Patton, attorney-in-fact as aforesaid, is hereby authorized to sell, either at public or private sale, any part or the whole of the said property of R. Ellen Patton, Oliver A. Patton, trustee and husband aforesaid, as he may think right and proper, and of advantage to us, convey by warranty or otherwise, receive moneys and evidences of indebtedness for said property, endorse notes with our names in whatsoever manner he may think right and proper, and necessary. It is designed to confer by this power upon the said Robert Patton, attorney-in-fact, just such power and authority as we would exercise were we present, and we *do* hereby ratify and confirm everything that he, the said Robert Patton, may do, and acknowledge it as binding upon us as if done and executed ourselves, as trustee, husband, wife, individually and collectively.

1878.
[Special] Term.

Patton, trustee,
&c., *et al.*
v.
Mer. Bank of
Charleston *et al.*

"Given under our hands and seals, at the city of Louisville, county of Jefferson, State of Kentucky, this 20th day of February, 1868.

   " OLIVER A. PATTON, Trustee. [Seal].
   " OLIVER A. PATTON.    [Seal].
   " R. ELLEN PATTON.    [Seal]."

No exceptions are taken or filed to said power of attorney, and the same seems to have been acknowledged by the plaintiffs, for record on the 21st day of February, 1868, and was on the 29th day of February, 1868, admitted to record in the recorder's office of the county of Kanawha. It also appears to have been admitted to record in the county of Fayette, on the 18th day of April, 1868.

The defendant, the Merchants' Bank of Charleston, filed its answer, which is as follows, viz:

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

" *The separate answer of the Merchants' Bank of Charleston to a bill exhibited in the Circuit Court of Kanawha County, against it and others, by R. Ellen Patton and Oliver A. Patton, Trustee for the said R. Ellen:*

"*To the Hon. James W. Hoge, Judge of said Court:*

" This respondent, saving and reserving to itself all manner of exceptions to said bill, by way of demurrer or otherwise, for answer to said bill, or to so much thereof as it is advised it is material to make answer unto, answering, says—

" That it is true, as alleged in said bill, that the said Oliver A. Patton was appointed trustee for the said R. Ellen at the time and in the manner therein set forth; but this respondent denies that his trust is of the character set out in the exhibits filed with this bill, but alleges that said trust has been reformed and corrected in a suit lately pending in the circuit court of Kanawha county, which was brought by the said R. Ellen against the said Oliver A., and others, and that by the decrees and orders made in said cause, the nature and character of said trust has been materially changed and altered, and that the decrees and orders changing and altering said trust relate back and govern it from the beginning thereof. The papers, orders and decrees, made and entered in said cause, are filed as exhibits with this answer, and are asked to be read and considered as part thereof. This respondent also admits that the complainant Oliver A. Patton, trustee as aforesaid, and the said R. Ellen, (his *cestui que trust*), did sell a portion of the trust property to the defendant, Wm. H. Webb, for the amounts, and upon the credits set out in said bill, and alleges that they have made him a deed therefor.

" This respondent also admits that the said sale, as well as many others of the said trust property, was negotiated by and through the defendant, Robert Patton, acting as attorney-in-fact and agent of the complainant under the power of attorney, filed as an exhibit with the

said Robert's answer, and avers that all [of said sales have been approved and ratified by said complainants. Respondent also admits that said notes or bonds were in the possession of said Robert, but alleges that they were in his possession as the agent and attorney-in-fact of the complainants, and were placed in his possession under the express direction of the complainants. Respondent also admits that the said notes were, and two of them still remain, in its possession. Of the two not now in its possession, it has collected the whole of the one and a large portion of the other, and the whole amount of the two in its possession at present are due and uncollected, copies of which are filed as exhibits with this answer. Respondent emphatically denies that the said notes were deposited in the said bank by the said R. Patton, for reasons and purposes of his own, and without the knowledge or consent of complainants, but avers that they were transferred to it by the said Robert as attorney-in-fact and agent of the complainants, and with their full knowledge and consent, and in accordance with their express orders and instructions, and that the said transfer has been time and again recognized and approved by them, and that it took them without any fraud or conspiracy whatever, and in the regular course of business, and that the money obtained on them was regularly applied by the said R. Patton for the uses and purposes of the complainants, and under their express direction and instruction. Respondent also admits that the said' notes were endorsed in the manner set out in complainants' bill when transferred to it, and that said endorsement was in the handwriting of the said Oliver A. Patton, but it denies that the said endorsement was made for the purposes set out in said bill, but alleges that it was made in order that the said Robert, as attorney-in-fact and agent, could negotiate them, and that the said endorsement was placed upon them for that purpose, and that purpose alone, by the complainant Oliver A. Patton, trustee as aforesaid, and the idea that he should

1878.
Sp ecial Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

1878.
Special Term.

Patton, trustee,
&c., et al,
v.
Mer. Bank of
Charleston et al.

endorse them at the time they were executed for the purpose set out in the bill, considering the fact that some of them had three years to run before they became due, is perfectly absurd and frivolous, to say the least of it. Respondent also denies that said endorsement is without validity, but avers that it is the only endorsement that could be placed upon said notes to transfer the title thereof, and to hold otherwise would be the means of perpetuating a fraud upon this respondent. Respondent also admits that it knew the said notes were not the property of the said Robert Patton, and that it did not take them as such, but took them in the manner set out in this answer. It also denies that it or its officers were guilty of any fraud or conspiracy whatever in getting possession of said notes, but alleges that it parted with the full value of said notes on the faith of them, and that the amount of the two notes still held by it and a portion of one of the others are still due and unpaid. Respondent alleges that said notes were transferred to it for the full amount thereof, and without any deductions for payments, which had been made upon the same, or for any offsets which the said Webb might hold against the same.

"Your respondent further alleges that the said Webb had paid upon one of said notes, before the same was transferred, the sum of $144.83, to the said Oliver A., trustee as aforesaid, by work on the trust property, and by payment of interest on said note, as is shown by the letter of said Oliver A. Patton, which is filed as an exhibit with this answer, and that said sum is justly due from the said Oliver A. Patton, trustee as aforesaid, out of the said trust estate, and that a decree should be rendered in favor of complainant for said amount.

"This respondent files herewith three letters received by it from the said Oliver A. Patton, which letters are in his own handwriting, all of which bear upon and refer to the transactions set out in the bill and this answer,

which letters are numbered one, two, three, and ¯are <span>1878.<br>Special Term.</span>
prayed to be read and considered as part of this answer. <span>Patton, trustee,</span>

"And having fully answered, prays hence to be dis- <span>&c., et al.<br>v.</span>
missed with its costs and such relief as it may be entitled <span>Mer. Bank of<br>Charleston et al.</span>
to in the premises.

"Witness the name and common seal of the Merchants' Bank of Charleston."

The following is an official copy of the decree mentioned in the foregoing answer, viz: " At a circuit court held in and for the county of Kanawha, on the 8th day of July, 1871.

"*R. Ellen Patton, complainant,* v. *Oliver A. Patton, trustee, &c., Amanda L. Patton and Nella T. Patton, defendants.—In Chancery.*

" This cause came on this day to be heard upon the complainant's bill and the exhibits filed therewith, the separate answer of the defendant, Oliver A. Patton, trustee, and the replication thereto, and the joint answer of Amanda L. Patton and Nella T. Patton, by their guardian *ad litem,* W. E. G. Gillison, and general replication thereto, and the depositions taken in the cause; and was argued by counsel. And it appearing to the court that by deed made 20th day of April, 1867, between Rachel M. Tompkins, of the first part; Beverly Tompkins, of the second part; William H. Tompkins, of the third part; John C. Brown and Virginia, his wife, of the fourth part; R. Ellen Tompkins, now by marriage, R. Ellen Patton, of the fifth part; Henry P. Tompkins, of the sixth part; John G. W. Tompkins, of the seventh part; and Thomas B. Swann and Mary, his wife, of the eighth part; a copy of which deed is filed with complainant's bill, marked Exhibit A, the said complainant, R. Ellen Patton, then R. Ellen Tompkins, conveyed to Nicholas Fitzhugh all the property conveyed to her in said deed, upon the following trusts, that is to say : That he, the said Nicholas Fitzhugh, as trustee, would suffer and permit the said R. Ellen Tompkins, now R. Ellen Patton, to take, accept, and receive the rents, issues and

profits of said property to and for her own use during her natural life, and in the event of the marriage of the said R. Ellen Tompkins, that the trustee should hold and retain the said trust during the continuance of the said marriage, and if she should die leaving issue that the said trust should continue for such child or children until such child or children should arrive at the age of twenty-one years, and that the said property should then pass to such child or children deprived of said trust; and that if the said R. Ellen Tompkins should deem it advisable to sell the said property, she should apply to some court of record in the county of Kanawha, where the greater part of said property lies, for authority to sell the same or any part thereof; and if such authority should be given, then the said trustee is authorized and empowered to sell the same in such manner and upon such terms as the court might prescribe, but that said trustee should re-invest the proceeds of such sale in such other property or funds as the court should direct, and should hold the same subject to all the terms and provisions of the said trust. And it further appearing to the court, that by an order made by the circuit court of Kanawha county, on the — day of ——, the defendant, Oliver A. Patton, was substituted as trustee, under said trust, in the room and stead of the original trustee, said Nicholas Fitzhugh, and was decreed to hold the said property upon the same trusts upon which it was originally conveyed to the said trustee, Nicholas Fitzhugh. And it further appearing to the Court, from the proofs filed in the cause, that an error and mistake was made in the drafting of the said deed of 20th day of April, 1867, so far as it relates to the trusts therein created by the said R. Ellen Patton, then R. Ellen Tompkins, at the time she executed the said deed, was simply to convey the said property to a trustee as her sole and separate estate, free from the control and liabilities of her husband, and that she did not intend to part with the fee in said property or to create in herself simply an estate for life, nor to create a

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

remainder in fee, or any estate whatsoever in said property in any child or children that might thereafter be born to her, the court is of opinion that the said deed, so far as it relates to the said trust, should be reformed and corrected so as to carry out the true intention and purpose of the said R. Ellen Patton, then R. Ellen Tompkins, at the time she executed the said deed. It is therefore adjudged, ordered and decreed by the court, that the said deed, so far as it relates to the said trusts, be reformed and corrected, and that the said trust, created by mistake in the said deed, by the said R. Ellen Patton, then R. Ellen Tompkins, contrary to her true intention and purpose, be annulled and set aside, and that the said Oliver A. Patton, trustee of the said R. Ellen Patton, be and he is hereby decreed to hold all of the said property in trust for the sole and separate use of the said R. Ellen Patton, free from the control and liabilities of her husband or any parties claiming by, through, or under him, and upon no other trusts whatever, and that any and all uses, trusts, or limitations created in said deed of April 20, 1867, which are contrary to the trusts which the court has above ascertained to be the true trusts intended to be created by the said R. Ellen Patton, then R. Ellen Tompkins, are hereby annulled, cancelled and set aside. And it is further ordered, that this decree be recorded *in extenso* in the counties of Kanawha, Putnam, and Fayette, where said property lies, and that the costs of this suit, including a fee of $20.00 to the guardian *ad litem* of infant defendants, be paid out of the trust property." The two notes of said Webb, mentioned in said answer of the said bank, are also filed by the bank and they are endorsed as follows, by O. A. Patton, trustee, &c., viz: "Oliver A. Patton, trustee for R. Ellen Patton." The three letters mentioned in same answer from O. A. Patton to James M. Laidley, dated respectively, April 12, 1869, March 1, 1869, and June 1, 1869, and filed as exhibits with said answer also appear in the record. The

deposition of defendant, Robert Patton, was taken by defendants and filed in the cause. No other deposition appears to have been taken or filed in the cause.

On the 17th day of December, 1873, the circuit court of Kanawha county, made and entered this decree in the cause, viz:

"*Oliver A. Patton, trustee, and wife, Mrs. R. Ellen Patton,* vs. *the Merchants' Bank of Charleston and others. In Chancery.*

"On this day this cause came on to be heard on the bill of the complainants, and exhibits filed therewith, the answer of defendants and exhibits filed therewith, and the replications thereto, and upon the evidence and depositions taken in, and the former orders and proceedings heretofore had in the cause, and was argued by counsel. On consideration of all which the court is of opinion and doth so decide that the notes of William H. Webb, given as expressed on their face for the purchase money of lands sold to said Webb, and conveyed to Mrs. R. Ellen Patton for her separate estate, and settled upon her, as shown by the deeds and papers in the cause, belong to her for her separate use and benefit, as shown by said deed of settlement, and the construction of the same reforming and correcting the said settlement heretofore made by this court, dated July 8, 1871, and it appearing that the said defendant, the Merchants' Bank of Charleston, has received of the said trust fund the whole proceeds of one of two notes of $500.35 each, and the entire proceeds of one other of said notes, less $122.68, making an aggregate of $1,186.57, which includes interest from date, the said notes bearing date May 29, 1868, without authority of law, and that they, the said Merchants' Bank of Charleston, also now hold two other notes of the said William H. Webb, bearing the same date, and for the same amount, and due, one on the 1st day of June, 1870, and the other on the 1st day of December, 1870, with interest from date, which have not yet been collected by them, it is adjudged,

1878
Special Term.

Patton, trustee,
&c., *et al.*
v.
Mer. Bank of
Charleston *et al.*

ordered, and decreed, that the said defendants, the Merchants' Bank of Charleston, do pay to the said Oliver A. Patton, trustee of R. Ellen Patton, the said sum of $1,186.57, with interest from this date; and it is further adjudged, ordered and decreed, that the said Merchants' Bank of Charleston do give and surrender up to the said trustee, the said two other bonds of the said Webb, not yet collected by them. And it is further adjudged, ordered and decreed, that the defendant, the Merchants' Bank of Charleston, pay to the plaintiffs the costs of this suit, including an attorney's fee of $30.00. And the court being further of opinion, that upon the pleadings in this cause and the facts in the case, it is not only the right, but the duty of the court to decree over between the defendants, to do justice between the parties, and in consequence of the decree hereinbefore rendered in favor of O. A. Patton, trustee for Mrs. R. Ellen Patton, against the said Merchants' Bank of Charleston, the consideration has wholly failed on which said notes were negotiated by said Robert Patton, and discounted by said bank, and the proceeds thereof received by him; and the defendant, Robert Patton, ought therefore to refund to the said bank the amount of the four notes. On motion of the defendant, the said Merchants' Bank, it is therefore adjudged, ordered and decreed, that the said Robert Patton pay to the said bank the sum of $2,667.40, with interest thereon from this date, being the amount of said notes and interest to this date. And it is further ordered, adjudged and decreed, that the said Robert Patton, further pay to the said bank the amount of the costs herein decreed against the said bank to the complainants in this case, and also the costs incurred by the said bank in prosecuting the suit at law now pending in said court, including an attorney's fee therein of $15.00, as allowed by law. And it appearing that the said Robert Patton obtained the money on said notes for the said O. A. Patton, trustee, and applied the same to his own use, with his assent and approval, who ought

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

to refund the same to the said Robert Patton, it is therefore adjudged, ordered and decreed, that the said Oliver A. Patton pay to the said Robert, the said sum of $2,667.40, with interest thereon from this date, and also the amount of the costs hereinbefore decreed against the said Robert. And on the motion of the said defendant, the said Merchants' Bank, the execution of this decree is suspended for sixty days, upon said bank giving bond and security, as required by law, in the penalty of $2,500,00, before the clerk of this court, within the time prescribed; and it is further adjudged and decreed that the said Webb be forever discharged from all liability to the plaintiff on account of the first of said notes paid by him to said bank as aforesaid, and also for the amount paid by him on the second note, now in suit as aforesaid, to the said bank, and for which moneys a decree has been heretofore rendered against the said bank in favor of the plaintiffs."

The said Merchants' Bank on its petition, obtained from this Court an appeal from and *supersedeas* to said last named decree; and thus the case is before us for review and determination. The appellant, among other assignments of error, claims in its petition that the circuit court erred in not dismissing the plaintiffs' bill. The plaintiffs in their bill recognize the validity of the sale of land in the bill mentioned, to Wm. H. Webb, at the price and on the terms therein stated, and the execution of the four notes in the bill mentioned, by the said Webb, and that the sale was negotiated by the defendant, Robert Patton, and the purchase money notes were made payable to the plaintiff, Oliver A. Patton, as trustee for R. Ellen Patton. The complaints set up in the bill, and the grievance complained of, is that the said notes were deposited in the Merchants' Bank of Charleston by said R. Patton, (who is the father of Oliver A. Patton), for reasons and purposes of his own, without the knowledge or consent of plaintiffs; and they charge that the second and third notes were collected by the

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

bank, and appropriated to its own uses and purposes, and that two of the notes are still in the hands of the bank unconverted. The bill in effect admits that said notes were endorsed by the plaintiff, O. A. Patton, as trustee for R. Ellen Patton, but it alleges that the endorsement was made in blank before the execution of the notes by said Webb, in order that they could be collected by plaintiff, O. A. Patton, at the place where they were made payable. The bill denies the validity of the endorsement, and charges that the bank got possession of the said notes with full notice of their trust character, and in fraud of the same and of the rights of said O. A. Patton, as trustee, and of said R. Ellen Patton, the beneficiary. The bill also avers that said notes were never transferred to said bank with their consent, and charges that said R. Patton never intended to transfer the notes to the bank, but put them in the same for his own purposes, &c. See the bill. The answers deny all the material statements and allegations in the bill upon which the plaintiffs therein seek or claim a recovery. Robert Patton, in his deposition, substantially proves that "acting as attorney-in-fact for O. A. Patton, trustee for his wife," he made sales of the real estate of theirs to Webb for which they executed their deed to Webb, in which he (witness) accepted the Webb notes and deposited the same as collateral security to raise money to run the mill and for other purposes connected with the trust property; upon the notes being left in the hands of James M. Laidley, cashier of the Merchants' Bank of Charleston, upon which he (witness) received of the notes, certificates of deposit on time which he (witness) appropriated to the payment of the trust debts. He further proves that the plaintiffs knew what disposition he (witness) made of the notes, and they approved the course he had taken. He also proves that he applied the whole of the proceeds of said notes for the trust interest; he also proves that the notes were intended to be deposited as collateral security in the said Merchants' Bank to said Laidley, that the

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.
notes were in the hand writing of said O. A. Patton and that the endorsement is in the same hand writing; that he (witness) does not recollect the particular time the notes were written or the endorsements were made whether it was at the time or before the transfer, but that he does recollect that it was done with a clear understanding between the parties that he had the authority to negotiate them in that way, that he (witness) might leave them as collateral security for their purposes. He also proves that said endorsement was not placed on said notes for the purposes alleged in the bill. It fully appears in the case, as it seems to me, that said notes were placed in the bank and the proceeds thereof drawn out of the bank, being the full value of the notes and applied to the use of R. Ellen Patton and of the trust property with the consent and according to the directions and approval of both of the plaintiffs. The said decree rendered by the circuit court of the county of Kanawha, on the 8th day of July, 1871, in the case of said R. Ellen Patton v. Oliver A. Patton, trustee, &c., Amanda L. Patton and Nella T. Patton, certainly did change the estate or interest of said R. Ellen Patton in the lands and trust property in the deed of trust therein mentioned very greatly. In fact the circuit court in reforming said deed of trust by reason of alleged mistake, changed the character of the trust and enlarged the estate and interest therein of said R. Ellen Patton, so that the trustee, Oliver A. Patton, of said R. E. Patton was decreed to hold, and does hold the property conveyed by said deed of trust under said decree, simply in trust for the sole and separate use of the said R. Ellen Patton, free from the control and liabilities of her husband or any parties claiming by, through, or under him and upon no other trust whatever. The simple effect of the said last named decree was to change the whole character of the trust deed and to convert the deed of trust in effect, into a deed conveying by the said R. Ellen Patton then R. Ellen Tompkins the property to a trustee for her sole

and separate use, and all other trusts, uses or limitations created by the deed, were cancelled and annulled. This decree does not appear to have been reversed, set aside, or annulled in any proceeding. See opinion of Green, Judge, in case of *Linn* v. *Patton, trustee et al.*, 10 W. Va. 191 and 192. This decree still being in force, we cannot disregard it in this collateral proceeding, but in this case must give it force and effect as it was rendered by a court having jurisdiction of the subject. *Fisher* v. *Bassett*, 9 Leigh 119 ; *Cox et al.*, v. *Thomas et al.*, 9 Gratt. 324 ; *Hutchinson* v. *Priddy*, 12 Gratt. 85 ; *Baylor* v. *Degarnett*, 13 Gratt. 152 ; *Voorhees* v. *Bank of the United States*, 10 Pet. 449 ; *Hall* v. *Hall*, and cases cited in opinion of the Court on this subject, 12 W. Va. 1. The property under said decree being held in trust by said Oliver A. Patton for the sole and separate use of the said R. Ellen Patton, free from the control and liabilities of her husband, or any parties claiming, by, through or under him, and upon no other trusts whatever, the question arises as to what are the rights and powers of R. Ellen Patton, the *cestui que trust*, in the property held in trust as aforesaid, or its proceeds when sold, &c. A married woman is regarded by a court of equity as the owner of her separate estate ; and as a general rule, the *jus disponendi* is an incident to such estate ; that is, it is an incident thereto, unless, and except so far as it is denied or restrained by the instrument creating the estate. But it is subject to such limitations and restrictions as may be contained in such instrument ; which may give it *sub modo* only, or withhold it altogether.

In regard to separate, personal estate, and the rents and profits of separate real estate, this power of disposition, if it be unrestrained, may be exercised in the same way, by deed, will or otherwise, as if the owner were a *feme sole*. But in regard to the *corpus* of separate real estate, it can be disposed of only in such mode, if any, as may be prescribed by the instrument creating the estate ; or unless prohibited by such instrument, in the

1878.
Special Term.
———
Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

mode prescribed by law for alienation of real estate by married women. *McChessney et al.* v. *Brown's heirs*, 25 Gratt. 393. In the case of *Burnett et ux.* v. *Harper's ex'or*, 25 Gratt. 481, it was held, " that a married woman, as to property settled to her separate use, is to be regarded as a *feme sole*, and has a right to dispose of all of her personal estate, and the rents and profits of her separate real estate in the same manner as if she were a *feme sole ;* unless her power of alienation be restrained by the instrument creating the estate. 2d. As incident to the *jus disponendi* a *feme covert* may charge the separate estate with the payment of her debts. She may charge it as principal or surety, for her own benefit, or that of another. She may appropriate it to the payment of her husband's debts. She may give it to him if she pleases, no improper influence being exerted over her. 3d. Although the separate estate is conveyed to a trustee, his assent is not necessary to a valid alienation or charge of the wife, unless it is required expressly, or by strong implication, in the instrument under which the property is devised." *West* v. *West's ex'or*, 3 Rand. 373 ; *Vizonneau* v. *Pegram et al.*, 2 Leigh 183 ; *Woodson's trustee* v. *Perkins*, 5 Gratt. 346 ; *Penn* v. *Whitehead,* 17 Gratt. 503 ; *Miller* v. *Bailey*, 21 Gratt. 521 ; Hill on Trust. 424; Schouler's Domes. Rel. 219, 225 ; 1 Bish. on the Law of Married Women, §§849, 850, 851, 852, 853; *Taylor* v. *Meade*, 34 Law J. N. S. ch. 203, 207. If the sale and transaction involved in this cause had occurred since the last named decree was made, reforming said deed of trust, then there can be no question under the authorities cited, but that the said notes would rightfully have been the property of R. Ellen Patton, and she would have had the right to have disposed of them as she saw fit, or to have directed them and their proceeds to have been disposed of as they were by R. Patton under the direction of the trustee and *cestui que trust*, which disposition of said notes, and the proceeds thereof were directed and approved by the plaintiff, the

Syllabus 4

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

trustee and the *cestui que trust.* But this whole transaction as to the sale of the land to Webb, the endorsement of the notes and negotiation and disposition thereof to the bank, and the receipt of the proceeds of said notes from the bank, and the application thereof to the use of the trust property according to the directions, and with the approval of the plaintiffs, seems to have occurred prior to the date of the said decree reforming said trust deed, and according to the terms of the trust deed before its reformation, the proceeds of the said purchase money notes could not rightfully have been applied or disposed of as they were. But notwithstanding this fact, assuming as we must that the circuit court rightfully reformed said deed of trust for the reasons in the said decree stated, then it is evident that the said R. Ellen Patton, from the date of said deed of trust until it was reformed by the court as aforesaid, had the equitable right to have said deed of trust reformed as the circuit court did reform it. This being so, it follows as a natural sequence that the said R. Ellen Patton, at the time of the sale of the land to Webb, had an equitable right to so dispose of it, and an equitable right to the money notes and the proceeds thereof, and to direct the disposition of the notes and their proceeds, as it is proven in this case she did, and also her trustee. Suppose that said notes had never been disposed of, but were still in the possession of the said Oliver A. Patton, the trustee, there can be no doubt that under and by virtue of said decree reforming said deed of trust, the said notes would be her property, being the proceeds of the sale of her sole and separate estate, and that she would have the right to dispose of them as she pleased and to whom she pleased, and so of the proceeds thereof. And R. Ellen Patton having the equitable right, (assuming said decree reforming said deed of trust to have been rightfully made for the causes therein stated) to said notes as her sole and separate estate, and to direct the disposition thereof and of the proceeds thereof, and it appear-

1878.
Special Term.

Patton, trustee,
&c., et al.
v.
Mer. Bank of
Charleston et al.

ing by the evidence in the cause that she exercised that equitable right and did direct and approve the disposition thereof and of the proceeds thereof, and that said notes were disposed of as she directed and the proceeds thereof also disposed of as she and her trustee each directed and approved, and for the use and benefit of the trust property, no fraud or undue influence by the husband appearing, she and her said trustee, nor either of them, can or ought to be entertianed in a court of equity for the purposes of said bill in whole or part.

The decree of the said circuit court must therefore be reversed, set aside and annulled with costs to the Merchants' Bank of Charleston against Oliver A. Patton and the bill be dismissed. But as said deed of trust was reformed after the commencement of this suit, no costs will be given against the plaintiffs in the circuit court. The dismissal of plaintiffs' bill is without prejudice to any right, legal or equitable of the defendants, the Merchants' Bank of Charleston or Wm. H. Webb, involved in this cause directly or indirectly or their right respectively, to enforce the same against the plaintiffs or either of them, or any other person, or the estate of plaintiff R. Ellen Patton, by any proceedings they, or any of them, may hereafter be advised to institute.

The other Judges concurred.

DECREE REVERSED.