W. TAYLOR v. THOMAS P. SHARP AND GERTRUDE SHARP.

*Domicile—Husband and Wife—Contract—Lex Fori Lex Loci— Jurisdiction.*

1. In the absence of evidence to the contrary, it will be presumed that the residence of a party to a contract is at the place where the contract was made.

2. It is a general principle that the validity of a contract and its construction are determined by the law of the place where it is made, and if valid there, it is valid everywhere.

3. Where the defendant and his wife executed and delivered in the State of New York their joint promissory note to the plaintiff, payable in the city of Baltimore, Maryland, two months after date: *Held,* that personal service of the summons having been made, the Courts of North Carolina had jurisdiction of an action to recover the sum alleged to be due thereon, and that the fact of the relation of husband and wife between defendants did not prevent a judgment against the wife.

This is a CIVIL ACTION, which was tried at January Term, 1889, of ROCKINGHAM Superior Court, *Bynum, J.,* presiding.

The summons had been personally served on both defendants.

The plaintiff alleged—

"1. That the defendant Thomas R. Sharp on the 9th day of January, 1886, at No. 1 Bivay, in the State of New York, executed his promissory note to the defendant Gertrude E. Sharp, whereby he promised to pay her the sum of five thousand six hundred and fifty-seven dollars and thirteen cents ($5,657.13) two months after date, at the National Union Bank, Baltimore, Maryland, which said note was endorsed by the said Gertrude E. Sharp and Thomas R. Sharp.

"2. That on the 9th day of January, 1886, the defendant Thomas R. Sharp, at No. 1 Bivay, in the State of New York, executed his promissory note to the defendant Gertrude E. Sharp, whereby he promised to pay her the sum of one thou-

sand dollars ($1,000) two months after date, at the National Union Bank, Baltimore, Maryland, which said note was endorsed by the defendant aforesaid.

" 3. That said notes at the date of their maturity were duly presented at the said National Union Bank, Baltimore, Maryland, for payment, and the same were duly protested for non-payment.

" 4. That the plaintiff is the owner and holder of the aforesaid notes, and no part thereof has ever been paid.

" Wherefore, plaintiff demands judgment against the defendants," etc.

The defendant Thomas R. Sharp admitted the execution and endorsement of the notes, but set up an equitable defence thereto.

The defendant Gertrude E. Sharp alleged—

"1. That at the time of the execution of the notes mentioned in articles 1 and 2 of the complaint, and the delivery thereof to the plaintiff, she was and still is the wife of Thomas R. Sharp, her co-defendant, and was so known to be by the plaintiff, and that at the time of the commencement of this action this defendant was and still is a resident and citizen of the State of North Carolina.

" 2. That she admits the execution of said notes to her by her husband, and also that she endorsed the same, but doth aver that said notes were without consideration, originally, as between herself and husband, and that she never received any consideration, legal or equitable, for her endorsement thereof, and that she was a party to the execution, endorsement and delivery of said notes to the plaintiff at the time of their date, under the solicitation and persuasion of her said husband,.and so was party to the transaction aforesaid with the full knowledge of the plaintiff, who hath continually held said notes up to this time.

3. And for a further defence against each of the alleged causes of action set out in the complaint, she avers that

neither note expresses that it or the endorsement was for her separate use, and, in fact, was not; and no charge or judgment can be had thereupon against her or her separate estate, her connection therewith having been had under a kind of matrimonial coercion, and without any consideration whatsoever to her thereunto moving, and without any benefit to her separate estate thereby arising, and this to the full knowledge of the plaintiff.  *   *   *   Wherefore, this defendant prays judgment that she go without day, and recover her costs, and for such other and further relief as she may be entitled unto."

Upon the call of the cause, and before the jury was empaneled, the *feme* defendant moved to dismiss the suit as to the *feme* defendant, upon the grounds that on the pleadings the plaintiff could not recover against her as he had stated no sufficient cause of action against her.   The Court had the pleadings read and refused the motion, and the *feme* defendant excepted.

The jury was then empaneled and the cause proceeded with.   Plaintiff introduced the statute of New York, Laws of 1884, chap. 381, to show that the wife had a right to make the contract in New York.   No evidence was offered on either side.

The defendant asked the Court to instruct the jury that, under the allegations and admissions of the pleadings, the plaintiff was not entitled to recover again *feme* defendant.

The Court declined this instruction, and the *feme* defendant excepted.

The Court instructed the jury that, under the allegations and admissions of the pleadings, the plaintiff was entitled to recover against both defendants, and that the answer to both issues would be, "Yes; in the sum of $6,657.13, the amount of the notes declared on, with interest from the 12th day of March, 1886, at six per cent. interest, and $4.28, amount of costs of protest." *Feme* defendant excepted.

The jury rendered their verdict in accordance with the instruction given. Thereupon, the *feme* defendant moved for a new trial, assigning as error—

1. In that the Court refused to dismiss on her preliminary motion to vacate for want of a sufficient cause of action stated against her in the pleadings.

2. In that the Court refused to instruct the jury that the plaintiff could not recover against her, and instructed them that the plaintiff was entitled to recover against her.

Motion for new trial overruled, and the Court rendered the following judgment:

" This action having been brought to trial before a jury at this term, upon the issues submitted to them · by the Court, and the jury for their verdict having found all the issues in favor of the plaintiff, it is now ordered and adjudged that the plaintiff Wm. W. Taylor recover of the defendants Thomas R. Sharp and Gertrude E. Sharp the sum of six thousand six hundred and fifty-seven dollars and thirteen cents, amount of the notes declared on, with interest thereon from the 12th day of March, 1886, until paid, at six per cent., and for the further sum of four dollars and twenty-eight cents, protest charges and costs of this action by the plaintiff expended."

From this judgment the defendant Gertrude E. Sharp appealed.

*Mr. A. W. Haywood*, for plaintiff.
*Mr. W. N. Mebane*, for defendant.

SHEPHERD, J.: The single question presented in this appeal is whether the judgment rendered by his Honor was authorized by the facts appearing in the record.

It is a general principle that all matters bearing upon the execution, the interpretation and the validity of a contract are to be determined by the law of the place where the contract is made, and if valid there, it is valid everywhere.

*Watson* v. *Orr*, 3 Dev., 163; *Davis* v. *Coleman,* 7 Iredell, 424; *Anderson* v. *Doak,* 10 Iredell, 295; *Scudder* v. *Bank,* 91 U. S. Rep., 406. An exception, however, is maintained by some of the continental jurists as to the capacity of a contracting party, and they generally hold that the incapacity of the domicile attaches to and follows the person wherever he may go. This is not, says Mr. Justice STORY (Conflict. Laws, 103, 104), the doctrine of the common law; and GRAY, C. J. (in *Milliken* v. *Pratt,* 105 Mass., 374), after an elaborate examination of the question, concludes that the general current of English and American authorities is in favor of holding that a contract, which by the law of the place is recognized as lawfully made by a capable person, is valid everywhere, although the person would not, under the law of the domicile, be deemed capable of making it. This principle has been doubted in the case of a married woman where her contract, made in another State, is sought to be enforced in the State of her domicile, where by the laws of such State she is under a complete common law disability to make any contract whatever. The question, however, does not arise in the present case, as there is nothing to show that the *feme* defendant was domiciled in this State at the time of the execution of the contract sued upon. In the absence of anything to the contrary, the law presumes that she was, at the date of the contract, a resident of the State where it was made.

The contract was executed in New York, and under the laws of that State (Acts 1884) a married woman may contract as if she were *feme sole,* except where the contract is made with her husband. This contract was not made with her husband within the meaning of the act above mentioned (*Bank* v. *Sniffin,* 7 N. Y. S., 520), and was, therefore, valid where made.

It is well settled that our Courts will entertain personal actions between citizens of other States where jurisdiction

has been obtained by service of process within our limits (*The Code*, § 192), and we are unable to see how the defendant by a mere change of residence can rid herself of liability upon the contract in question. 2 Parsons Cont., 576.

We have very carefully examined the authorities cited by the defendant's counsel, but they fail to convince us that in sustaining the judgment we are contravening any well settled public policy in this State in reference to the laws of married women. Many phases of the general subject (not free from difficulty) were presented by the counsel, but we have purposely abstained from their discussion, as they are not directly presented by the record. We simply decide that we are of the opinion that this particular judgment should be affirmed.

Affirmed.