SAMUEL O. CASE, JUN., *vs.* JOHN C. DODGE *et ux.*

If a contract is valid by the law of the place where it is made, an action on it in another forum will be sustained unless the contract contravenes the law or policy of that forum at the time when the action was brought.

Goods were sold and delivered in Massachusetts on the credit of a married woman between March 30, 1886, and October 10, 1893, under a contract made with her in Massachusetts valid by the laws of that State. Prior to July 1, 1893, a married woman was incapable of entering into a contract of that kind in this State, but at that date Pub. Laws R. I. cap. 1204, § 1, of May 26, 1893, went into operation, which provides that "any married woman may make any contract whatsoever, the same as if she were single and unmarried and with the same rights and liabilities." An action was brought on the contract in this State November, 1893.

*Held,* that the action could be sustained as well for goods sold and delivered prior to July 1, 1893, as for those sold and delivered after that date.

It is not giving to Pub. Laws R. I. cap. 1204, § 1, retroactive operation as to the contract made prior to July 1, 1893, to sustain an action on such contract in this State.

Allowing an omission in the evidence to be supplied during the charge to the jury is a matter resting in the sound discretion of the court, and is not the subject of exception.

If the court misstates evidence to the jury, neglect or failure of counsel to call the attention of the court to it at the time is a waiver of the right to take advantage of it afterwards.

DEFENDANTS' petition for a new trial.

Action of *assumpsit* against husband and wife brought November 14, 1893. The declaration consisted of the common counts. Plea, the general issue.

*July* 23, 1894. MATTESON, C. J. This is *assumpsit* to recover a balance due on book account for groceries. The trial in the Common Pleas Division resulted in a general

verdict for the plaintiff. The jury also returned two special findings. The defendants now petition for a new trial, and assign several grounds in support of their petition.

*First :*—That the verdict is against the evidence and special findings. The issue submitted to the jury was whether the goods were sold on the credit of the defendant Elizabeth Dodge or that of her husband, John C. Dodge. The testimony was conflicting. It was for the jury to weigh the statements of the witnesses and the circumstances which were claimed to be corroboratory of those statements. We cannot say that their verdict is not supported by the evidence.

Nor do we think that the general verdict is inconsistent with the first special finding. The defendants contend that the verdict was too large in view of this finding, which was that the defendant Elizabeth Dodge did not enter into any agreement or contract with the plaintiff since the 30th day of June, 1893, to furnish provisions on her account. The claim, as we understand it, is based on the fact that prior to July 1, 1893, a married woman was by our law incapable of entering into a contract, and therefore that the plaintiff was not entitled to recover for such portion of the goods as were sold and delivered prior to that date. The goods were sold and delivered, however, in Attleboro', Mass., between March 30, 1886, and October 10, 1893, inclusive. By the law of Massachusetts during this period a married woman was capable of making contracts in the same manner as though she were *sole.* The general rule is that the *lex loci contractus* determines the validity of a contract. If a contract be valid by the law of the place where it was made, an action upon it in another forum will be sustained unless the contract contravenes the law or the policy of that forum. *Brown* v. *Browning,* 15 R. I. 422, 424 ; *Milliken* v. *Pratt,* 125 Mass. 374. Inasmuch, therefore, as the contract for the sale and delivery of the goods was a valid contract in Massachusetts where it was made, the plaintiff was entitled to recover for goods sold and delivered prior to July 1, 1893, as well as for those sold and delivered subsequently to that date, and there is no in-

consistency between the general verdict and the first special finding.

The defendants contend that the action ought not to be sustained for the portion of the account prior to July 1, 1893, for the reason that our own citizens would have no remedy in a similar case. We do not think that the objection is entitled to weight. The reason that our own citizens could sustain no action in such a case is that prior to July 1, 1893, a married woman in this State was incapable of making such a contract, and hence there could be no contract on which to maintain an action. If one of our own citizens had made prior to that date such a contract in some jurisdiction where such a contract was authorized by law, we see no reason why he could not enforce it by an action brought like the present subsequently to July 1, 1893, the date when Pub. Laws R. I. cap. 1204, of May 26, 1893, took effect, section 1 of which provides that "Section 4 of Chapter 166 of the Public Statutes is hereby amended so as to read as follows : 'Sec. 4. Any married woman may make any contract whatsoever, the same as if she were single and unmarried and with the same rights and liabilities.' "

The policy of our law relating to married women having thus been changed, such a contract made elsewhere, though prior in date to the passage of the statute, would no longer contravene the policy of our law, and hence no reason would exist why an action on it should not be sustained. *Milliken v. Pratt*, 125 Mass. 374, is a case precisely in point. A guaranty dated at Portland, Me., was executed by the defendant, a married woman domiciled in Massachusetts, as collateral security for goods sold by the plaintiffs to her husband, and sent by her through him by mail to the plaintiffs in Portland. The law of Maine authorized a married woman to bind herself by any contract as if she were unmarried. The law of Massachusetts, as then existing, did not permit her to enter into a contract as surety or for the accommodation of her husband or of any third party. After the making of the contract sued on, and before the bringing of the action, the law of Massachusetts was changed so as to enable

a married woman to make such a contract. It was held that the contract, though made by a married woman domiciled in Massachusetts, and which she was by the law of that State at the time incapable of making, but which she was allowed to make by the law of the State where it was to take effect, and which she could lawfully make in Massachusetts at the time of the bringing of the suit, would sustain an action in the courts of Massachusetts.

The second special finding of the jury was that the defendant Elizabeth Dodge did not enter into a written agreement with the plaintiff to pay him moneys for goods delivered to John C. Dodge prior to July 1, 1893. We do not see that there is any inconsistency between this finding and the general verdict. On the pleading as framed there is apparently no issue to which it can apply, and no reason why it should have been submitted to the jury.

*Second:*—That the verdict, according to the first special finding, was too large as against the wife. We have already considered this ground in connection with the first.

*Third:*—That the court erred in admitting as evidence the statutes of Massachusetts without any additional amendments, after the charge to the jury. The record shows that the statute was allowed to be put in during the charge of the court to the jury. The case was tried, as alleged by the plaintiff's counsel in support of his request to be allowed to put in the statute, as shown by the record, and the allegation was not denied by the defendants' counsel, on the understanding that there was no question concerning the power of a married woman to make the contract in Massachusetts during the period covered by the account. The absence of proof of the statute authority was first brought to notice in the charge of the court. The granting of the plaintiff's motion to put in the statute at that stage of the trial was a matter resting in the sound discretion of the court, and is not the subject of exception. The defendants have not shown us that any amendments to the statute modifying its effect have been made. We do not think that the action of

the court in the matter affords the defendants any ground for a new trial.

*Fourth :*—That the presiding justice misinformed the jury as to certain evidence. The language of the charge complained of is the words, "They say, the plaintiffs, that she made a contract and agreement." It is evident that the court by these words was stating merely the contention of the plaintiff on the evidence, and not what the evidence was. But, even if it was a misstatement of the evidence, it was the duty of the defendants' counsel to have called the attention of the court to it at the time, that it might have been corrected. Neglect or failure to do so was a waiver of the right to take advantage of it afterwards. *Wheeler* v. *Schroeder,* 4 R. I. 383 ; *Newton* v. *Weaver,* 13 R. I. 616, 619.

*Fifth :*—That the presiding justice refused to instruct the jury that if they found that the defendant Elizabeth Dodge had entered into any agreement prior to July 1, 1893, by reason of which she bound herself, they could not find that she was liable in this suit on such contract, because the law of this State is not retroactive. Though the statute we have quoted, Pub. Laws R. I. cap. 1204, § 1, is not retroactive, the plaintiff is, as we have already seen, entitled to maintain his action. The question of the plaintiff's remedy does not depend on whether the statute is or is not retroactive. The contract being valid by the law of the place where it was made, and the policy of our law having been changed by our statute so that the contract is no longer in contravention of it, our courts will afford the plaintiff a remedy for a breach of the contract. The instruction was properly refused.

Defendants' petition for a new trial denied and dismissed with costs, and case remitted to the Common Pleas Division with directions to enter judgment on the verdict.

*Willard B. Tanner & Edward L. Gannon,* for plaintiff.

*Benjamin L. Dennis,* for defendants.