## CHARLESTON.

SKIDMORE *v.* JETT *et al.*

Submitted June 15, 1894.—Decided November 24, 1894.

1. MARRIED WOMAN—SEPARATE ESTATE.
    Where a married woman executes a joint and several note with

39  544
42   50

her husband for the payment of money, her separate estate may be subjected in equity to the payment of the debt, although her husband may own a small amount of land which is sufficient to pay the debt.

2. MARRIED WOMAN—SEPARATE ESTATE.

Although said married woman be sued jointly with her husband on such note, and a demurrer sustained as to the husband, and the bill is dismissed as to him, the cause may proceed to final decree against the separate estate of the wife.

BUTCHER & HARDING, for appellant.

E. D. TALBOTT for appellee cited 19 W. Va. 366; 23 W. Va. 236; 20 W. Va. 584.

ENGLISH, JUDGE:

On the 10th day of April, 1884, W. P. Jett and Sarah Jett, his wife, executed to John C. Bowen a note under seal, whereby, twelve months after date, for value received, they or either of them promised to pay John C. Bowen, or his order, one hundred and ninety six dollars and two cents, as witness their hands and seals the 10th day of April, 1884. On the 18th day of May, 1885, said John C. Bowen assigned said note to John C. Skidmore, and said note was credited with eight dollars and fifty nine cents as of the 31st day of October, 1885. At rules held for the Circuit Court of Randolph County on the first Monday in June, 1891, said John C. Skidmore filed his bill in equity against said W. P. Jett, Sarah Jett and John C. Bowen alleging the execution of said note and exhibiting a copy of the same, alleging that said W. P. Jett had a tract of land (describing it) which plaintiff was not aware of at the time of the filing of said bill, and that, as soon as he ascertained that said W. P. Jett was the owner of said small tract of land, he brought suit before a justice against said W. P. Jett, and obtained a judgment against him for two hundred and forty two dollars and ten cents on the 2d day of May, 1891, with interest thereon from that date and costs. He also represented that said Sarah Jett was the owner of two lots in the town of Montrose—one containing three fourths of an acre, on which there is a dwelling house and outbuildings, and the other containing one acre,

on which there is a dwelling house, in which the defendant resides; that said tract of land owned by W. P. Jett is worth but little, and will not sell for enough to pay for the plaintiff's judgment, which he charges is a lien thereon, which was then due and unpaid. He further charges that said note is a lien on the lands of said Sarah Jett, and that he is entitled to have the same rented for a sufficient length of time to pay the debt of plaintiff, provided the same can not be satisfied by the sale of the small tract of land owned by said W. P. Jett; and he prays for the sale of the tract of land owned by the said W. P. Jett, and, in case it does not sell for enough to satisfy said judgment, then he prays that the two tracts of land owned by said Sarah Jett be rented for a sufficient length of time to pay off and discharge said debts.

At the October term, 1891, said Sarah Jett and W. P. Jett appeared, and demurred to the plaintiff's bill, which demurrer was sustained to said bill, so far as the same sought to sell the property of W. P. Jett, and the same was dismissed as to said W. P. Jett.

On the 22d day of January, 1892, the defendant Sarah Jett filed her separate answer to the plaintiff's bill, and the plaintiff replied generally thereto, in which she admitted the execution of said note, but claimed that she knew nothing of the assignment thereof until a short time before the suit was brought; that said note was executed to said Bowen for property purchased at his sale shortly before he left the state, and that at the time of the execution of said note said Bowen was indebted to her in the sum of one hundred and eighty one dollars and seventy five cents for money loaned to him by her, and for money paid by her to C. G. Bowen at his instance and request; that at the time said note was executed she did not have her accounts with her, but the matter was then talked over, and it was there expressly agreed between said Bowen, and respondent and her said husband, that, if respondent, would sign said note, said amounts, with their accrued interest, should be credited thereon, and upon this promise she was induced to sign said note, and with no intention on her part of binding her separate estate, real or personal, for the payment

thereof, further than to apply her account against said Bowen to the payment thereof; that, although said Bowen remained in the state some time after the execution of said note, he failed to call upon respondent and settle with her, and credit the amount so due her from him upon said note, but, some time after said note became due, her husband called upon said Bowen, and paid him the balance, of eight dollars and fifty nine cents, a sum sufficient to pay off and discharge the whole of said note after applying what was due from said Bowen to respondent; and that said last payment was made directly to said Bowen some time after said pretended assignment to Skidmore of said note, as appears by the indorsements thereon; and said defendant alleges that the whole of said note had been paid off and discharged before the institution of this suit.

At the May term, 1892, the decree complained of was entered, in which the amount of said debt was ascertained after deducting said credit of eight dollars and fifty nine cents, and said note was decreed to be a charge upon the lands of said Sarah Jett from the date of the institution of the suit; and it was further decreed that the plaintiff have execution for the amount of the debt decreed to him, and the costs of the suit, with interest on said debt until paid, and that, unless the same be paid in sixty days, a special commissioner was to be appointed, who was directed to rent said lots at public auction upon the terms therein set out; and from this decree the said Sarah Jett obtained this appeal.

The first error assigned by appellant is in the action of the court in overruling the demurrer of said Sarah Jett to the bill of the plaintiff; but as no ground for the demurrer is assigned, and we can see no reason why it should have been sustained, we must regard it as properly overruled by the court.

The next error assigned is that the court erred in ascertaining the amount due on said note, claiming that, if it was proper to enter a decree therein at all, said amount should have been ascertained from said judgment as a basis. It will be perceived that the judgment referred to in

this assignment of error was against W. P. Jett alone, and that on the joint demurrer of said W. P. Jett and Sarah Jett the bill was dismissed as to W. P. Jett, and after the dismissal of the suit as to W. P. Jett no decree was asked upon the judgment the plaintiff claimed to have against said W. P. Jett; and it would have been improper to have ascertained the amount due from Sarah Jett on said note from said judgment against W. P. Jett as a basis, and the court committed no error in ascertaining said amount from said note, said Sarah Jett being no party to said judgment, which was recovered after the institution of this suit.

It is also assigned as error in the court in decreeing said Sarah Jett's lands to be rented before first exhausting the property of her husband, the defendant W. P. Jett. The note upon which the suit was predicated was the joint and several note of the husband and wife, and the amount could be recovered from either. The bill alleges that the property of the husband was small, and insufficient to pay the plaintiff's debt, which allegation is not denied by the answer, and must be taken as true; and this court has held, in the case of *Hughes* v. *Hamilton*, 19 W. Va. 367, that the proceeding in a court of equity by bill to subject the separate estate of a married woman to the payment of her debts is in the nature of a proceeding *in rem*, and also that the debt of a general creditor of a *feme covert*, after suit brought by such creditor to subject such separate estate to the payment of such debt, becomes a *quasi* lien, at least, upon such separate estate, and for the satisfaction thereof. So, also, in the case of *Dages* v. *Lee*, 20 W. Va. 584, this Court held that "the separate estate of a married woman is liable for any simple contract debt which she would be liable for if she were a *feme sole*; and the consideration for said debt need not inure to her benefit, or that of her separate estate, but it may inure to the benefit of her husband or any third party, or it may be a mere prejudice to the other contracting party"; and in the case of *Camden* v. *Hiteshew*, 23 W. Va. 236, it was held that "the debts of a married woman for which her separate estate is liable are such as arise out of any transaction out of which a debt would have arisen if she had been a *feme sole*, except such

as are not founded on a consideration." Under thèse rulings a *quasi* lien attached upon the lands of said Sarah Jett at the institution of the suit, and we see no good reason why her land could not be rented for the payment of her debt.

The fourth assignment of error is that the court erred in not finding, under the pleadings in the cause, that said note had been wholly paid off and discharged, and in not dismissing the same, with costs. It is true that the defendant Sarah Jett, in her answer to the plaintiff's bill, claims that she, at the time said note was executed, had an account against said John C. Bowen for one hundred and eighty one dollars and seventy five cents, and it was then understood and agreed between her and the said Bowen that her account was to be credited upon said note, and that said W. P. Jett afterwards paid to said J. C. Bowen the difference between her account and said note; but her answer was replied to, and no proof was taken to support the allegations of her answer, so that we can not regard this assignment of error as well taken.

For these reasons the decree complained of must be affirmed, with costs and damages.