Connor v. Becker.

W. M. CONNOR ET AL. V. GEORGE BECKER.

FILED OCTOBER 20, 1898.   No. 8328.

1. **Action on Check:** LIMITATION OF ACTIONS. An action on a check by the holder against the maker after demand of the drawee and non-payment is a suit on a written instrument, within the meaning of section 10 of the Code of Civil Procedure, and the limitation is five years.

2. ———: QUESTION OF FACT: DIRECTING VERDICT. *Held,* That there were questions of fact which should have been submitted to the jury, and a peremptory instruction of a verdict was erroneous.

ERROR from the district court of Douglas county. Tried below before BLAIR, J.   *Reversed.*

*Bradley & De Lamatre,* for plaintiffs in error.

References: *Heartt v. Rhodes,* 66 Ill. 351; *Scroggin v. McClelland,* 37 Neb. 644; *Little v. Blunt,* 9 Pick. [Mass.] 488; *Wenman v. Mohawk Ins. Co.,* 13 Wend. [N. Y.] 267; *Brush v. Barrett,* 82 N. Y. 400; *Norton v. Ellam,* 2 M. & W. [Eng.] 461; *Burnham v. Allen,* 1 Gray [Mass.] 496; *New Hope Delaware Bridge Co. v. Perry,* 11 Ill. 467; *First Nat. Bank of Wymore v. Miller,* 37 Neb. 500; *Holmes v. Briggs,* 17 Am. St. Rep. [Pa.] 804; *Lord v. State,* 17 Neb. 526; *Bailey v. State,* 36 Neb. 808; *Hower v. Aultman,* 27 Neb. 251; *Arapahoe Village v. Albee,* 24 Neb. 244; *May*

*v. School District,* 22 Neb. 205; *Hemphill v. Yerkes,* 19 Am. St. Rep. [Pa.] 609; *Fonner v. Smith,* 31 Neb. 107; *Hoyt v. Seeley,* 18 Conn. 358; *Edgerton v. Wachter,* 9 Neb. 500.

*Charles Offutt* and *Charles S. Lobingier, contra.*

References: *Fonner v. Smith,* 31 Neb. 107; *Platt v. Black,* 10 O. C. C. 499; *Rogers v. Durant,* 140 U. S. 298; *Foote v. Farmer,* 14 So. Rep. [Miss.] 445; *Talcott v. First Nat. Bank,* 36 Pac. Rep. [Kan.] 1066; *Hertwick v. National City,* 36 Pac. Rep. [Cal.] 667; *Knight v. St. Louis, I. M. & S. R. Co.,* 30 N. E. Rep. [Ill.] 543; *Miller v. Thomson,* 3 Man. & Gr. [Eng.] 576; *Forbes v. Thomas,* 22 Neb. 541; *Brown v. Rollins,* 44 N. H. 446; *Conrad v. Nall,* 24 Mich. 274; *Hart v. State,* 14 Neb. 572; *Hards v. Platte Valley Improvement Co.,* 46 Neb. 709; *Osborne v. Kline,* 18 Neb. 344.

HARRISON, C. J.

In this, a suit on a check against the drawer thereof, the instrument having been presented for payment to the bank to which it was directed and not paid, the defense interposed by plea in the answer was that of the bar of limitation of the cause of action. At the close of the introduction of the evidence, the trial being to a jury, the presiding judge instructed a verdict for the defendant, which was returned, and in the due course of procedure an accordant judgment was rendered thereon. The plaintiffs present the case to this court for review.

It is contended for the plaintiffs that the claim in suit was of such a nature that an action thereon was not barred by limitation until the expiration of five years from the time of its accrual; while for the defendant it is insisted that it was of the causes upon which suit must be commenced within four years. The sections of the statutes to which reference is made in the arguments are as follows:

"Sec. 10. Within five years, an action upon a specialty,

or any agreement, contract, or promise in writing or foreign judgment.".

"Sec. 11. Within four years, an action upon a contract, not in writing, expressed or implied; an action upon a liability created by statute other than a forfeiture or penalty."

"Sec. 15. Actions brought for damages, growing out of the failure, or want of consideration of contracts, expressed or implied, or for the recovery of money paid upon contracts, express or implied, the consideration of which has wholly or in part failed, shall be brought within four years."

In 2 Daniel, Negotiable Instruments, section 1566, it is stated: "A check is (1) a draft or order (2) upon a bank or banking house, (3) purporting to be drawn upon a deposit of funds (4) for the payment at all events of a certain sum of money, (5) to a certain person therein named, or to him or his order, or to bearer, and (6) payable instantly on demand;" and the author quotes from other text-writers as follows: "'A check is a brief draft or order on a bank or banking house, directing it to pay a certain sum of money,' says Parsons (vol. 2, N. & B. 57). 'A check drawn on a bank is a bill of exchange payable on demand.' (Edward, Bills, 396.) 'A check on a banker is, in legal effect, an inland bill of exchange drawn on a banker, payable to bearer on demand.' (Byles, Bills [Sharswood's ed.] 14.) 'A check is a written order or request addressed to a bank, or to persons carrying on the business of bankers, by a party having money in their hands, requesting them to pay on presentment to another person, or to him or bearer, or to him or order, a certain sum of money specified in the instrument.' (Story, Promissory Notes 487.) Chitty's definition is substantially the same as Story's. (Chitty, Bills [13th Am. ed.] (511) 578.)" A check may be regarded as substantially an inland bill of exchange. (*Bickford v. Bank*, 42 Ill. 238; *Rounds v. Smith*, 42 Ill. 245.) "A check is a bill of exchange drawn by a customer on his banker,

payable on demand, and is governed by the rules relating to such instruments." (2 Lawson, Rights, Remedies, & Practice sec. 530; *Rogers v. Durant*, 140 U. S. 298, 11 Sup. Ct. Rep. 754.) "The differential traits decidedly preponderate; and the more correct method is to treat the check as an altogether independent and distinct instrument from the bill of exchange, admitting at the same time that in some few specific matters the resemblance between the two instruments is sufficiently strong to cause one and the same rule to cover and include them both." (Morse, Banks & Banking [3d ed.] sec. 380.)

The foregoing but serves to show the general opinion which has been expressed relative to the nature and characteristics of a check and with what other commercial paper it is classed. Coming more directly to the point, we will say that accompanying every check, and as part or elemental of the transaction of its execution and delivery, is the contract or promise of the drawer that the party or bank against whom or which it is drawn has funds of the drawer to meet it and will on presentment pay it. While not expressed in words in the instrument, this contract or promise is as much a part of it and evidenced by it as if written on its face, and this agreement being so elemental of every check, the action against the drawer, on the instrument, if it is not paid on demand, is one predicated or founded on the instrument for the breach of the contract or promise thereof. No other or further evidence is necessary in an action on a check against the drawer thereof to show his promise or contract than the instrument. Its exhibition in evidence proves the agreement. This suit then is on the check and not on some independent or implied liability which has its origin in the transaction in which the check figures. The contract and the obligation thereof may be likened to that of an indorser of negotiable paper. The signature may be all that appears in the instrument, but the promise is there, requires no oral testimony to establish it, is governed by the rules of written agreements

and not by those applicable to verbal ones. (*Hoffman v. Hollingsworth*, 37 N. E. Rep. [Ind.] 960.) In an action on an indorsement the bar of the statute of limitations was raised in defense. Simple contracts not in writing were barred in six years. Similar contracts in writing were barred in fifteen years. It was said in an opinion of the supreme court to which the cause had been removed for review: "An indorsement is a written contract of which the law declares the effect; and when counted upon it is the foundation of the action; and a plea that the cause of action did not accrue within six years is no bar under the statute." (*Haines v. Tharp*, 15 O. 130.) The obligation of the drawer of the check "rests in" or "grows out of" the instrument immediately, and not remotely, and the suit is on the check,—the written instrument,—and governed by section 10 of the Code or the limitation is five years. There has been cited by counsel for the defendant the case of *Platt v. Black*, 10 O. C. C. 499, in support of the proposition advanced by them. In the cause cited the suit was by the bank against the maker of a check, who, when the instrument was presented at the bank on which it was drawn, had no funds on deposit therein. The bank had paid the check and sought a recovery of the amount. The action was held not to be on the check, but on an implied promise of the maker to repay the drawee. The transaction differed materially from the one in the case at bar. The right of action did not arise or grow immediately out of the check, but had its source in the act of the bank in making the payment and the implied liability of the maker of the instrument to repay the amount. The bank was moved to do the act by the check, but the liability to repay had its immediate and direct origin in the act of payment. If the bar had been effectual against this action in four years, then the evidence would have established, and without dispute, that the time of limitation had fully run and expired prior to the institution of the suit, but with the five years to run, the evidence was of

such a nature that it should, under proper instructions, have been submitted to the jury to determine the question of the time when the defendant became a resident of this state to which he removed from Ohio where the check was made and given,—whether he had resided here five years prior to the commencement of the suit,—being a vital one of the issues.

The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.