JAMES WRIGLEY, APPELLANT, V. FARMERS & MERCHANTS STATE BANK OF BEATRICE, APPELLEE.

FILED JUNE 8, 1906. No. 14,375.

Banks: DRAFTS: LIMITATIONS. Where the holder of a bank draft neither demands payment of the bank on which it is drawn nor takes any other step to secure payment within five years from the time it came into his possession, his right of action against the bank issuing the draft because of the failure of the bank on which it was drawn to pay the same when it was presented is barred by the statute of limitations.

APPEAL from the district court for Gage county: WIL-
LIAM H. KELLIGAR, JUDGE. *Affirmed.*

*E. O. Kretsinger,* for appellant.

*Rinaker & Bibb,* contra.

JACKSON, C.

On August 10, 1894, the Farmers & Merchants State
Bank of Beatrice, Nebraska, sold to Robert Wrigley a draft
on the American Exchange National Bank of Lincoln,
Nebraska, for the sum of $90. This draft was immediately
indorsed by Robert Wrigley, and by indorsement made
payable to James Wrigley, the plaintiff, appellant herein,
and was either delivered or sent to plaintiff at Broken
Bow, Nebraska, on the day it was issued. At any rate,
it was received by the plaintiff within a day or two of the
date of its issuance, and was by him mislaid and forgotten
until the month of October, 1899, when he discovered the
draft in an inside vest pocket. In the meantime the
American Exchange National Bank of Lincoln had con-
solidated with the First National Bank of Lincoln, and to
the latter bank the plaintiff presented the draft for pay-
ment soon after its resurrection from his inside pocket.
The Farmers & Merchants State Bank of Beatrice, prior
to the presentment of the draft for payment, had gone into
voluntary liquidation, paid all of its ascertained indebted-
ness, and distributed the balance of its assets among its
stockholders. Its account at the American Exchange
National Bank had been closed, and the First National
Bank of Lincoln had no funds of the Farmers & Merchants
State Bank with which to meet the draft at the time it was
presented. After presenting the draft to the First Na-
tional Bank of Lincoln for payment and ascertaining that
there were no funds, the plaintiff left the draft at the
Lincoln bank for collection. It was sent to Beatrice, where
demand was made of the defendant for payment. Pay-

ment was refused, and on April 7, 1903, this action was instituted in the county court of Gage county to recover payment from the defendant. From a judgment in that court the case was appealed to the district court, where the finding was against the plaintiff, and he appeals.

The trial court found that the action was barred by the statute of limitations, and the correctness of that conclusion is challenged, the contention of the appellant being that the cause of action against the appellee did not accrue until the draft was presented for payment in November, 1899. Counsel for appellant has presented an interesting discussion of the distinction between a draft drawn by one bank on another and a bank check drawn by a customer. We are inclined, however, to adopt the view of the counsel for appellee that the distinction is not important to the inquiry. In *Scroggin v. McClelland,* 37 Neb. 644, it was held that the statute of limitations commences to run in favor of the drawer of a check, at the latest, after the lapse of a reasonable time for the presentment of the check. We see no reason for adopting a different rule in favor of the holder of a bank draft.

It is urged, however, that the case of *Scroggin v. McClelland* was overruled by *Connor v. Becker,* 56 Neb. 343. The question involved and determined in the latter case was whether the cause of action was barred by the statute of limitations in four years, as contended by one of the parties, or in five years, as insisted by the other party. There was, in fact, a demand in that case, and the question of when the demand should be made was not involved in the inquiry and was not determined. The rule there stated is:

"An action on a check by the holder against the maker after demand of the drawee and nonpayment is a suit on a written instrument, within the meaning of section 10 of the code of civil procedure, and the limitation is five years."

The general rule seems to be that, where a demand is necessary, the demand must be made and the action com-

menced within the statute of limitations. *Brust v. Barrett,* 16 Hun (N. Y.), 409; *Palmer v. Palmer,* 36 Mich. 487; *Lower v. Miller,* 66 Ia. 408. The reason for the rule is that it was the right of the creditor by his own act to make the demand payable. He might by such act have perfected his cause of action, and it would be both unjust and unreasonable to hold that he could postpone indefinitely the time for enforcing his claim. The supreme court of Ohio seems to have adopted a somewhat different rule, but under the holdings in that state the demand, at least, must be made within the statute of limitations. *Keithler v. Foster,* 22 Ohio St. 27. The same principle is involved and determined in *Atchison, T. & S. F. R. Co. v. Burlingame Township,* 36 Kan. 628.

There having been neither a demand of payment nor action instituted to secure payment within the time fixed by the statute of limitations, the judgment of the district court was right, and we recommend that it be affirmed.

DUFFIE, C., concurs.

ALBERT, C. I concur in the conclusion.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.