# CHARLESTON.

CAMPEN BROTHERS, *a Corporation et al. v.*
SUE PAYNE STEWART *et al.*

(No. 6277)

Submitted October 23, 1928.   Decided October 30, 1928.

*Arthur F. Kingdon,* for appellants.
*John Roberts,* for appellees State-Planters' Bank & Trust Company, Harris and Hyde.

MAXWELL, JUDGE:

Under date of May 1, 1924, at Bluefield, West Virginia, C. L. Counts executed a series of five notes, one of which was in the sum of $3,200.00, and the others in the sum of $200.00 each, payable to bearer at stated periods at the office of the State and City Bank and Trust Company, Richmond, Virginia, (now changed to State Planters Banking and Trust Company). These notes were secured by a deed of trust of even date executed by the maker and his wife on certain property situated at Blucfield. On the 29th day of May, 1925, Counts and wife conveyed the said property to the Virginia Realty and Loan Company, under the terms of which conveyance, as part of the consideration therefor, the grantee assumed and agreed to pay off and discharge the unpaid balance of the indebtedness secured by the said trust. On the 12th day of May, 1926, the Virginia Realty and Loan Company conveyed the said property to Sue Payne Stewart, who, as part of the consideration for the conveyance of the said property to her, assumed and agreed to discharge the balance of the said indebtedness.

This is a creditors' suit to subject the real estate of Mrs. Stewart to the satisfaction of her debts. The appeal is by certain judgment creditors and by the judgment debtor from a decree allowing to the State-Planters Banking and Trust Company of Richmond, Virginia, an attorney's fee of $200.00 in addition to the principal and interest of the large note aforesaid, and of one of the smaller ones, both being owned by the trust company and secured by the trust aforesaid, and having priority over the judgment liens. The notes contain this provision, ''If this debt be collected by an attorney, or by legal proceedings, an attorney's fee of ten per cent, besides the expenses incident upon the collection, shall be added to the amount due hereon and collectible as a part hereof.'' The fee allowed by the court was not ten per centum of the amount due at the time of the decree, but was fixed on a more conservative basis.

It is the settled law of this commonwealth that a stipulation in a promissory note for the payment of collection fees, or attorney's fees, in addition to the principal of the note and interest thereon is against the policy of the law and is there-

fore void and unenforceable. *Raleigh County Bank* v. *Poteet et al.*, 74 W. Va. 511. While it is true that decision was by a divided court, and there is diversity of opinion among the courts of last resort of the several states on this proposition, we are of opinion that the principle laid down by the majority of the court in the *Poteet* case is consonant with reason and justice and should not be disturbed. A forceful statement of the justification of this rule is found in the case of *Tinsley* v. *Hoskins*, 111 N. C. 340, 16 S. E. 325, quoting from *Bank* v. *Sevier et al.*, 14 Fed. 662: "Such a provision is a stipulation for a penalty forfeiture, tends to the oppression of the debtor, and to encourage litigation, is a cover for usury, is without any valid consideration to support it, contrary to public policy, and void."

The note at bar having been executed in West Virginia and payable in Virginia, the precise question presented for determination is whether the provision of the note for attorney's fees should be declared void in accordance with the law of this jurisdiction, or whether under the rule of comity it should be given effect under the Virginia law which validates such provisions in promissory notes. *Oglesby Co. et al.* v. *Bank of New York*, 114 Va. 663; *Colley* v. *Summers Parrott Hardware Co.*, 119 Va. 439, and cases cited.

The fact that the notes in question were secured by a deed of trust on property in this state in no wise determines the *lex loci solutionis*. The place of the payment of the note is determinative of the place of performance of the contract. *Freeman's Bank* v. *Ruckman* (Va.), 16 Gratt. 125; 5 R. C. L., 964, and many cases cited. The trust was merely supplemental to the principal agreement and incident thereto. 5 R. C. L. 982; *Bank* v. *Doherty*, 42 Wash. 317, 4 L. R. A. (N. S.) 1191, and note.

It is a recognized rule of law that contracts made in one jurisdiction to be executed in another are to be governed by the laws of the place of performance. *Wick* v. *Dawson*, 42 W. Va. 43; 1 Daniel Negotiable Instruments, sec. 865; *Andrews* v. *Pond et al.*, (U. S.), 13 Peters 65. This rule, however, is subject to an exception which is as well recognized as the rule itself, namely, that no state or nation is bound to

recognize or enforce any contracts which are at variance with the law or public policy of such state. In such situation the doctrine of comity must yield to the law of the forum. *State* v. *Hall et al.*, 91 W. Va. 648; *Floyd* v. *Loan and Investment Co.*, 49 W. Va. 327; 12 C. J. 438; Story on Conflict of Laws (8th ed.), sec. 244; *Gist* v. *Western Union Telegraph Co.*, 45 S. C. 344, 55 A. S. R. 763, and note; 5 R. C. L. 944.

In the case of *Continental Supply Co.* v. *Syndicate Trust Co.*, 52 N. D. 209, 202 N. W. 404, 409, there were involved notes executed in the State of Texas where it appears that validity is given to provisions in notes for attorney's fees. A statute of North Dakota declares such provisions void. The North Dakota Supreme Court held the provision to be unenforceable in that state, and in an able opinion said: "The right to enforce a contract in a jurisdiction foreign to that of its creation rests upon principles of comity. The rule, as generally stated, is that a contract, valid where made is valid everywhere. It is elementary, however, that the doctrine of comity does not require the courts of one state to enforce contracts made in another state when such contracts are contrary to the public policy of the forum. * * * The rule that the *lex loci* governs, and that the courts will ascertain the intention of the parties to the agreement and enforce the same is subordinate to the well-established doctrine that the public policy of the forum cannot be set at naught by comity or contract."

"The doctrine of comity must yield to the positive law of the land. Hence, the foreign law must give way when in conflict with the statutes of the forum or the settled current of its judicial decisions." 12 C. J. 438. In the case of *State* v. *Hall et al.*, *supra*, this Court said in point 3 of the syllabus: "A contract made and to be performed in a state other than this will be interpreted and enforced in the courts of this state in conformity with the laws of such other state, in the absence of a rule or measure of public policy of this state, denying it such construction, operation and effect."

It being against the policy of this jurisdiction to give effect to attorney's fee stipulations in promissory notes, as declared in *Bank* v. *Poteet, supra,* and here re-asserted, we fur-

ther hold that the policy of our law requires the application of that principle not only to notes payable in this commonwealth, but to all notes of which this is the forum for collection. The reasons which obtain in creating the policy as to notes of this jurisdiction apply with equal force, and indistinguishably, to notes of other jurisdictions brought here for collection. To apply the declared policy of our law to the one class of cases and not to the other would be unjustifiably discriminatory, and therefore unjust. The doctrine of comity, which is merely courtesy between sovereignties, does not require a nation or state to be unjust in order that it may be generous.

We are not unmindful of our case of *Bank* v. *Jeffries et al.,* 99 W. Va. 399, wherein there was upheld the action of the circuit court of Cabell county, in giving effect to a stipulation for attorney's fees as provided for in a note upon which that suit was predicated. The note there involved was made and was payable in the State of Indiana, which permits the recovery of attorney's fees stipulated for in promissory notes, where the promise to pay them is unconditional. The award of attorney's fees by the trial court was only one of several matters complained of in this Court on the writ of error. In our decision of the case on the point involving the inclusion of an attorney's fee in the judgment, we ascertained and followed the law of the State of Indiana. The question of the policy of our law with reference to such matters was not raised by counsel nor considered by this Court. Insofar, however, as the holding in that case may be considered authority for the proposition that attorney's fees stipulations in notes payable without this state will be given effect in suit in this state, it is disapproved for reasons hereinabove set forth.

The contention of appellees that the attorney's fee allowance complained of should be sustained under a provision of the deed of trust which authorizes the trustees to employ attorneys in the execution of the trust, is not well taken, because the trust was not executed, and the services contemplated by said provision of the trust were therefore never rendered. The fees allowed were for other services.

In harmony with the principles above stated, we reverse the decree of the circuit court and remand the cause.

*Reversed and remanded.*