SELECTED KENTUCKY DISTILLERS, *Inc. v.* B. B. FOLOWAY

(No. 9276)

Submitted January 20, 1942.  Decided February 24, 1942.

*Samuel Solins* and *W. H. Ballard,* for plaintiff in error.
*Chlide Nelms,* for defendant in error.

RILEY, JUDGE:

Plaintiff (Selected Kentucky Distillers, Inc.,) instituted an action before a justice of the peace in Mingo County upon a claim against defendant, B. B. Foloway, for $228.00 and interest. Upon appeal from the judgment of the justice, the case was submitted to the Circuit Court of Mingo County upon an agreed stipulation of facts, and the trial court having entered judgment for defendant, the plaintiff obtained a writ of error and supersedeas. Defendant has made no appearance in this Court.

The following facts appear in the stipulation:  On March 19, 1935, plaintiff's salesman obtained an order for

merchandise from defendant, a resident of South Williamson, Kentucky. This order was shipped by plaintiff, located also in Kentucky, to defendant, who refused to pay the C. O. D. charges of $253.00. Thereupon plaintiff authorized the transfer company to make delivery, and defendant then delivered to the transfer company "a check dated May 1, 1935, drawn on the First National Bank of Williamson, at Williamson, West Virginia," payable to plaintiff. Payment of the check was refused upon presentment on May 1, 1935, because defendant had insufficient funds in the bank. A payment by defendant of $25.00, made to plaintiff on May 15, 1935, was credited on the check which "has always remained the property of plaintiff," who is now the owner thereof. The balance of $228.00, with interest thereon from May 1, 1935, is the subject of this action. In the hearing before the justice, defendant filed "a plea to the statute of limitations," and, while the record does not disclose the basis of the plea nor the fact that the trial court decided the case on the issue of the statute of limitations, it appears from the stipulation that defendant's defense is that he is not liable because the debt is barred by the five-year statute of limitations of Kentucky by reason of West Virginia Code, 55-2-17, and that such defense presents the issue for determination here.

The defense interposed is clearly one of remedy. It has long been the rule in this jurisdiction that, in the absence of a statute, the law of the forum where suit is brought governs the remedy. *Urton* v. *Hunter, Harris & Co.,* 2 W. Va. 83, *Wick* v. *Dawson,* 42 W. Va. 43, 24 S. E. 587. The pertinent portion of Code, 55-2-17, by which defendant seeks to avoid the foregoing principle, reads as follows:

"And upon a contract which was made and was to be performed in another state or country, by a person who then resided therein, no action shall be maintained after the right of action thereon is barred either by the laws of such state or country or by the laws of this state."

Except for the words "either" and "or by the laws of this

state," the present statute is the same as that dealt with in *Davidson, Admr.* v. *Browning,* 73 W. Va. 276, 80 S. E. 363, L. R. A. 1915C, 976, wherein it was held that the statute "contemplates those cases in which the contract or obligation was expressly made payable in the state or country in which the facts and circumstances disclose intent to make it payable at such place." Since payment, according to the tenor of the check herein involved, was to be made in West Virginia, the place of performance, it is obvious that the statutory provisions asserted as a bar to plaintiff's claim are not applicable. *Campen Bros.* v. *Stewart,* 106 W. Va. 247, 249, 145 S. E. 381.

Our next inquiry is whether the present action is barred under the provisions of our statute of limitations (Code, 55-2-6), which requires that an action upon a contract in writing be instituted within ten years after the right to bring the same shall have accrued, and if "upon any other contract, express or implied, within five years." Initially, we observe that while the claim sought to be recovered represented money due for merchandise, the right of action was on the check and not on the indebtedness evidenced thereby. *Cook & Bernheimer Co.* v. *Hagedorn,* 82 Ind. App. 444, 131 N. E. 788. Courts in other jurisdictions have adjudicated that a check is a written contract. *Williams* v. *Lowe,* 62 Ind. App. 357, 113 N. E. 471; *Haynes* v. *Wesley,* 112 Ga. 668, 37 S. E. 990, 81 Am. St. Rep. 72; *Connor* v. *Becker,* 56 Neb. 343, 76 N. W. 893. See also 10 C. J. S. 408. In this jurisdiction, *Houston* v. *Lawhead,* 116 W. Va. 652, 182 S. E. 780, is analogous to the instant case. There it was said that an indorsement on a note is regarded as if it contained *in extenso* the warranties imposed by law "according to the custom of merchants and for convenience of commerce." Point 3, Syllabus, reads, in part, as follows: "An action for the recovery of money paid for a note, under a warranty imposed by law, is an action on a written contract * * *." The Court reasoned that by express language the negotiable instruments law imposed liability upon every person negotiating an instrument by a qualified indorsement, and that the statute was mandatory. Under Code, 46-5-2, the drawer of a nego-

tiable instrument engages that, on due presentment of the instrument, it will be accepted or paid, or both, according to its tenor, and that, if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount of the instrument to the holder. The issuance of the check is itself rooted in the negotiable instruments law and the obligation resulting from such issuance is a statutory obligation, the legal effect of which attaches immediately upon delivery to a holder of a check. The engagement is then absolute and express. Hence, the signature of the drawer carries with it the statutory engagement as if it were written on the check. Therefore, we are of opinion that a check is a written contract within the meaning of Code, 55-2-6, and an action thereon is barred only after the lapse of ten years from the time when a cause of action thereon accrues.

It must be noted that the record is silent as to the date on which this action was instituted. The statement of facts submitted by plaintiff in error in its petition for a writ of error designates July 10, 1940, as such time, but since that statement is dehors the record we can not adopt it. However, it appears from the stipulation of facts that the cause of action did not accrue until May 1, 1935, and therefore the action, under the principle decided herein, could not be barred.

We therefore reverse the judgment of the trial court and remand the case.

*Reversed and remanded.*