# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edward Lee Comer, Sr.,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0148** (Jackson County 18-C-58)

**Kennad L. Skeen, II,**
**Defendant Below, Respondent**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Edward Lee Comer, Sr., self-represented litigant, appeals the February 5, 2019, order of the Circuit Court of Jackson County dismissing his civil action against his former attorney, Respondent Kennad L. Skeen, II. Respondent, self-represented litigant, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate in the custody of the State of West Virginia. In petitioner's criminal case, he was found guilty in the Circuit Court of Jackson County of five counts of first-degree sexual assault; eight counts of first-degree sexual abuse; thirteen counts of sexual abuse by a parent, guardian, or custodian; and five counts of incest. Petitioner is currently serving an aggregate sentence of thirty-five to 120 years of incarceration.

On July 20, 2018, petitioner filed a civil action in the circuit court against respondent, his former attorney, over the fee petitioner paid respondent to represent him in his criminal case.[1] According to petitioner's complaint, on or about September 7, 2012, the parties agreed that

---

[1]Petitioner styled his initial pleading as a "petition for writ of assumpit [sic]." However, Rule 2 of the West Virginia Rules of Civil Procedure provides that "[t]here shall be one form of action to be known as 'civil action.'" We will refer to petitioner's initial pleading as a complaint.

1

respondent would represent petitioner in exchange for $12,000. Petitioner further alleged that at the time the parties entered into the attorney-client relationship, respondent was running for election for the office of Jackson County Prosecuting Attorney. After being elected to that office, petitioner alleged that respondent arranged for another attorney to represent petitioner in his criminal case.[2] Petitioner further alleged that respondent kept $7,000 of the fee paid by petitioner for the work already performed in the criminal case and gave the other attorney the remainder of the fee, $5,000. Petitioner alleged that in addition to that $5,000, the other attorney later required him to pay $500 per month until the conclusion of his criminal case on September 4, 2014.

Additionally, petitioner implicitly alleged that respondent failed to inform him at the time of the parties' September 7, 2012, agreement, that respondent was running in the election for Jackson County Prosecuting Attorney. Consequently, petitioner further alleged that respondent breached their agreement by terminating his representation of petitioner after his election. Petitioner sought various types of damages, including compensatory, consequential, and punitive damages. As to when his cause of action accrued, petitioner stated that he "discovered" the cause of action on January 7, 2013, when the other attorney filed a notice of appearance in petitioner's criminal case, which was approximately the same time that respondent took office as Jackson County Prosecuting Attorney.[3] Finally, petitioner alleged that he timely filed the instant action pursuant to the ten-year statute of limitations set forth in West Virginia Code § 55-2-6 given the fiduciary duties respondent owed him as a part of the attorney-client relationship.

On August 8, 2018, respondent filed a motion to dismiss petitioner's action. In respondent's motion, he accepted petitioner's statement that petitioner discovered his cause of action on January 7, 2013, but argued that the action was time-barred pursuant to the five-year statute of limitations for oral contracts set forth in West Virginia Code § 55-2-6. Petitioner filed a response to the motion to dismiss on August 16, 2018, reiterating his position that his action was timely filed pursuant to the ten-year limitations period set forth in West Virginia Code § 55-2-6, which governs written contracts and indemnifying bonds (including those bonds taken out by a fiduciary). The circuit court set a hearing on the motion to dismiss for January 29, 2019. Petitioner could not appear for that hearing (via video conference) due to circumstances beyond his control, a lockdown at his correctional facility. At the hearing, respondent informed the circuit court of his position that the court already had all the necessary information to rule on the motion.

By order entered on February 5, 2018, the circuit court granted respondent's motion to dismiss petitioner's action. As respondent did in his motion, the circuit court accepted as true petitioner's statement that he discovered his cause of action on January 7, 2013. However, the circuit court found that petitioner was misreading West Virginia Code § 55-2-6. The circuit court found that while one of the bonds to which the ten-year statute of limitations applied was a

---

[2]Petitioner did not provide a date for the meeting where respondent arranged for the other attorney to represent petitioner in his criminal case. According to respondent, the meeting occurred in late 2012.

[3]A special prosecutor was appointed in his criminal case due to respondent's prior involvement.

fiduciary bond, no such bond is at issue here. Accordingly, the circuit court further found that notwithstanding the fiduciary duties an attorney owes to his client, petitioner's action alleges a breach of the oral contract in which the parties agreed that respondent would represent petitioner in his criminal case. Given that the five-year limitations period applied to the parties' oral agreement, the circuit court determined that petitioner's July 20, 2018, complaint was time-barred, explaining that "[s]ince the statute of limitations commenced on January 7, 2013, as reflected by [petitioner]'s own admission in the [c]omplaint, it expired five years later on January 8, 2018."

Petitioner now appeals the circuit court's February 5, 2018, order dismissing his action as time-barred. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is de novo." Syl. Pt. 1, *Roth v. DeFeliceCare, Inc.*, 226 W. Va. 214, 700 S.E.2d 183 (2010) (quoting Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)). Pursuant to Rule 8(c) of the West Virginia Rules of Civil Procedure, the statute of limitations constitutes an affirmative defense. "An affirmative defense 'will defeat the plaintiff's . . . claim, *even if all the allegations in the complaint are true.*'" *Gomez v. A.C.R. Promotions, Inc.*, No. 17-1048, 2019 WL 2499617, at *2 n.1 (W. Va. June 17, 2019) (memorandum decision) (quoting Black's Law Dictionary 509 (10th ed. 2014)) (Emphasis in original.).

On appeal, petitioner argues that the circuit court should have rescheduled the January 29, 2019, hearing on respondent's motion to dismiss after petitioner could not appear via video conference. Petitioner further argues that the circuit court was required to determine whether the discovery rule or other tolling doctrine arrested the running of the applicable statute of limitations pursuant to Syllabus Point 5 of *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009). Respondent counters that the circuit court did not err in failing to reschedule the hearing because the court had all the necessary information to rule on the motion prior to the hearing. We agree with respondent.

In Syllabus Point 5 of *Dunn*, we held:

5.     A five-step analysis should be applied to determine whether a cause of action is time-barred. First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 487 S.E.2d 901 (1997). Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation

3

period was arrested by some other tolling doctrine. Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact.

*Id.* at 46, 689 S.E.2d at 258. Here, the circuit court and respondent each accepted the statement in petitioner's complaint that he "discovered" the cause of action on January 7, 2013, and, by accepting that date, gave petitioner the benefit of both the discovery rule and the related doctrine of fraudulent concealment.[4] Therefore, we find that these issues were ripe for a determination by the circuit court without a hearing or factual development because the court accepted all the factual allegations set forth in the complaint as true and respondent did not dispute the accrual date proffered by petitioner.

Petitioner further argues that the applicable limitations period is ten years given the fiduciary duties respondent owed him due to the attorney-client relationship. Respondent counters that petitioner's action is time-barred given the five-year limitations period for oral contracts. The parties agree that each of these limitations periods is set forth in West Virginia Code § 55-2-6 which provides:

> *Every action to recover money, which is founded upon an award, or on any contract other than a judgment or recognizance, shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: If the case be upon an indemnifying bond taken under any statute, or upon a bond of an executor, administrator or guardian, curator, committee, sheriff or deputy sheriff, clerk or deputy clerk, or any other fiduciary or public officer, within ten years; if it be upon any other contract in writing under seal, within ten years; if it be upon an award, or upon a contract in writing, signed by the party to be charged thereby, or by his agent, but not under seal, within ten years; and if it be upon any other contract, express or implied, within five years,* unless it be an action by one party against his copartner for a settlement of the partnership accounts, or upon accounts concerning the trade or merchandise between merchant and merchant, their factors or servants, where the action of account would lie, in either of which cases the action may be brought until the

---

[4]Petitioner further argues that the continuous representation doctrine, which tolls the statute of limitations with regard to legal malpractice actions until the end of the representation, applies to this case because of unethical conduct allegedly by both respondent and the attorney who assumed the representation in his criminal case until its conclusion in September 2014. *See* Syl. Pt. 6, *Smith v. Stacy*, 198 W. Va. 498, 482 S.E.2d 115 (1996) (adopting the doctrine). We reject this argument for two reasons: (1) petitioner's action is for breach of contract, not legal malpractice; and (2) the attorney who assumed the representation was not a party to the oral agreement at issue here. Additionally, even though respondent ended his representation of petitioner by the beginning of January 2013, petitioner argues that the continuing tort exception to the statute of limitation applies to this case pursuant to Syllabus Point 11 of *Graham v. Beverage*, 211 W. Va. 466, 566 S.E.2d 603 (2002). We similarly find that Syllabus Point 11 of *Graham* does not apply to this case as it is not a tort action, but an action alleging breach of contract.

expiration of five years from a cessation of the dealings in which they are interested together, but not after.

(Emphasis added.).

Pursuant to Syllabus Point 5 of *Dunn*, the identification of the applicable limitations period constitutes a "question of law." 225 W. Va. at 46, 689 S.E.2d at 258. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 2, *State v. Lewis*, 235 W. Va. 694, 776 S.E.2d 591 (2015) (quoting Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995)). Here, based on our review of the statutory language, we concur with the circuit court that petitioner is misreading West Virginia Code § 55-2-6. We find that West Virginia Code § 55-2-6 governs actions to recover on written and oral contracts and indemnifying bonds. While a fiduciary may take out an indemnifying bond, such a bond is not at issue here. Notwithstanding the fiduciary duties an attorney owes to his client, petitioner's civil action clearly alleges a breach of the oral contract in which the parties agreed that respondent would represent petitioner in his criminal case.[5] Therefore, we find that the five-year limitations period for oral contracts applies and that petitioner's July 20, 2018, complaint is time-barred because it was filed outside of the five-year period beginning on January 7, 2013, and ending on January 8, 2018.[6] Accordingly, we conclude that the circuit court properly granted respondent's motion to dismiss the action.

For the foregoing reasons, we affirm the circuit court's February 5, 2018, order dismissing petitioner's action.

Affirmed.

**ISSUED:** April 6, 2020

---

[5]Petitioner further relies on the fiduciary duties an attorney owes to his client to argue that this is a case in equity. "Statutes of limitations are not applicable in equity to subjects of exclusively equitable cognizance." Syl. Pt. 6, *Dunn*, 225 W. Va. at 46, 689 S.E.2d at 258 (quoting Syl. Pt. 3, in part, *Felsenheld v. Bloch Bros. Tobacco Co.*, 119 W. Va. 167, 192 S.E. 545 (1937)). Here, we find that petitioner's argument lacks merit because, as already stated, this is a contract action, not a suit in equity.

[6]We find that petitioner makes one last unsuccessful attempt at obtaining the longer ten-year limitations period by noting that respondent was paid by check and arguing that a check is a written contract pursuant to Syllabus Point 2 of *Selected Kentucky Distillers v. Foloway*, 124 W. Va. 72, 19 S.E.2d 94 (1942). The check is not at issue in this case. The subject of petitioner's action is the parties' legal representation agreement, which was orally made.

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison